UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTEL OTIS KENNEDY,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

_____/

Case No. 12-20740

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

### ORDER DENYING MOTION TO VACATE SENTENCE [72]

Before the Court is Petitioner's Motion to Vacate Sentence [72] and the Government's Response [78].   On March 12, 2013, Petitioner pled guilty under a Rule 11 agreement to one count each of Conspiracy and  Possession with Intent to Distribute Cocaine Base. The Court sentenced Petitioner to a 120 month term of incarceration, which was below the applicable Sentencing Guidelines of 210–262 months.   On July 28, 2014, Petitioner filed this Motion to Vacate Sentence [72] pursuant to 28 U.S.C. § 2255.

For the reasons that follow, Petitioner's Motion to Vacate Sentence is **DENIED**.

1

The Government argues that Petitioner's Motion [72] is procedurally defaulted. An accused person, who has been advised by competent counsel, may not collaterally attack a voluntary guilty plea. *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Petitioner argues that his plea was not knowing or voluntary because he did not receive effective assistance of counsel during the plea stage of the criminal proceedings. The intelligence and voluntariness of a guilty plea can only be attacked on collateral review if a petitioner first raised those claims in his direct appeal. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998). Petitioner here did not seek direct review of his guilty plea, therefore, his claims are procedurally defaulted.

A petitioner may pursue a procedurally defaulted claim only if he can demonstrate "cause" for failing to raise the claim on direct appeal and "actual prejudice" resulting from the failure. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). The existence of "cause" ordinarily turns on whether a petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with a procedural rule. <u>*Murray v. Carrier*</u>, 477 U.S. 478, 488 (1986). Attorney error short of ineffective assistance of counsel does not constitute cause for procedural default. *Id.* at 492; *Strickland v. Washington*, 466 U.S. 668 (1984).

In order to show that his assistance was ineffective, Petitioner must show that his counsel's performance was not reasonable under "prevailing professional norms." *Strickland*, 466 U.S. at 688.   There is a strong presumption in favor of concluding that counsel was adequate. *Strickland*, 466 U.S. at 690. "A defendant is not prejudiced by counsel's failure to seek a competency evaluation, absent an actual basis to support a claim of incompetency at the time of the proceeding." *Brown v. McKee*, 460 F. App'x 567, 581 (6th Cir. 2012).

Petitioner argues that Dr. Steven Miller's pre-plea forensic psychological evaluation indicates that he was incompetent at the time of the plea. Petitioner emphasizes a portion of Dr. Miller's report that states Petitioner "had become so accustom to the "life-style" of someone in this particular environment (i.e., Inter-city Rap culture) that he felt it to be "normal" and, thus, he lacked the requisite capacity to be appropriately concerned about the illegal nature/intentions of his environment or the seriousness of the consequences of his behavior."  Dr. Miller's report, however, further states:

> This is not to suggest that Mr. Kennedy was unaware of the wrongfulness or the illegal nature of his alleged criminal behavior. Only, that his particular personality makeup and cognitive style, shaped in substantial part by this environment, rendered him quite vulnerable to the manipulation of more savvy and criminally minded "Bosses." To be sure, however, he is now acutely aware of the potential "consequences" of his

> involvement in this particular "Rap Culture" with all of their
> extra-curricular immoral and illegal activities.

Dr. Miller's report actually states that Petitioner "acutely aware of the potential 'consequences'" of his actions at the time he pled guilty. Because there was no evidence that Petitioner was incompetent when he pled guilty, his counsel was not ineffective for not requesting a competency evaluation.

Even were Petitioner's claims not procedurally defaulted, his Motion to Vacate Sentence [72] would fail on its merits. To prevail on a motion to vacate sentence made pursuant to § 2255, a movant must allege "(1) an error of constitutional magnitude. . ." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Petitioner claims that he received ineffective assistance of counsel, due to counsel's failure to request a pre-plea competency evaluation, and that this error was of constitutional magnitude. *Strickland v. Washington*, 466 U.S. 668, 680 (1984).

To prove ineffective assistance of counsel, a claimant needs to show both that counsel was deficient and that the claimant was actually prejudiced by the deficiency. Here, the forensic psychological evaluation at issue notes that Petitioner was competent to stand trial as he could adequately consult with his

4

attorney to weigh the pros and cons of the plea bargain before him. Regardless of the adequacy of counsel provided, Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate Sentence [72] is **DENIED**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Dated: June 16, 2015                    Senior United States District Judge

5